UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JORDON SWITZER,<br><br>   Defendant. | Case No. 21-20104<br>Honorable Laurie J. Michelson |

**ORDER ON DEFENDANT'S MOTIONS FOR BILL OF PARTICULARS AND TO DISMISS INDICTMENT [18, 19]**

Jordon Switzer was initially charged in a criminal complaint with receipt of child pornography, production and attempted production of child pornography, and online enticement of a minor to engage in unlawful sexual activity arising out of the alleged "sextortion" of a 15-year-old. He was subsequently indicted on nearly identical charges. Switzer now seeks dismissal of counts one and two of the indictment or, in the alternative, a bill of particulars. Switzer contends that the charges against him are so vague, indefinite, and uncertain, that he is unable to prepare a defense, avoid prejudicial surprise at trial, and protect against being twice placed in jeopardy for the same offense. The government believes the indictment and discovery provided adequately inform Switzer of the charges he needs to defend and opposes the requests. (ECF No. 22.) The issues are fully briefed, and the Court

heard argument on September 29, 2021. For the reasons set forth below, the motions are DENIED.

I.

The affidavit in support of the criminal complaint, the briefing in connection with these motions, and the briefing on Switzer's motion to revoke his detention order (Complaint, *United States v. Switzer*, Case No. 21-mj-30030 (E.D. Mich. Jan. 15, 2021); (ECF Nos. 14, 22)), contain the following allegations.

On September 27, 2019, the Wixom, Michigan Police Department contacted the FBI to report a complaint they received regarding the "sextortion" of a 15-year-old female. The minor reported that in November 2018, when she was 14 years old, she began selling nude photographs and videos of herself through social media applications under a false name. One of her customers, ultimately identified as Switzer, discovered her true identity and contacted her through Snapchat on September 19, 2019. In his Snapchat messages, Switzer threatened to release photographs of the minor to her friends and family, or to the internet, if she did not provide him with a sex video. The victim indicated she was a minor and did not want to have sex with anyone, but Switzer persisted.

Through a number of administrative subpoenas, the FBI was able to connect the Snapchat IP address to Switzer's residence in St. Louis, Missouri.

A search warrant was executed at that residence on November 25, 2019 and electronic devices, including a computer, were seized. The government apparently recovered from Switzer's laptop computer evidence related to the minor victim, including approximately 20 pictures (some constituting child pornography) that Switzer ordered through her Kik account, screenshots of her social-media accounts, and screenshots of some of their conversations. It is further alleged that, in one of the conversations, the minor sent Switzer, per his request and in exchange for money, a picture of "doggy style hands spreading cheeks." After she provided this image, Switzer allegedly responded, "can I get full body?"

Based on these allegations, and following efforts to decrypt Switzer's electronic devices, Switzer was charged in a criminal complaint on January 15, 2021, with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), production and attempted production of child pornography in violation of § 2251(a) and (e), and online enticement of a minor to engage in unlawful sexual activity in violation of § 2422(b). Complaint, *United States v. Switzer*, Case No. 21-mj-30030 (E.D. Mich. Jan 15, 2021).

Switzer was arrested and made his initial appearance in the U.S. District Court for the Eastern District of Missouri on January 28, 2021. (ECF No. 3.) Following a hearing, he was ordered detained. (*Id.*) A few days later, Switzer was indicted in the U.S. District Court for the Eastern District of

Michigan on one count of production of child pornography (count one), one count of online enticement of a minor (count two), and one count of receipt of child pornography (count three). (ECF No. 1.) Switzer then moved for revocation of the detention order. (ECF No. 12.) The government's response described the factual bases of the charges. (ECF No. 14.) They were further discussed during the April 21, 2021, hearing on the motion.

After a few months of additional discovery, Switzer now moves to dismiss counts one and two of the indictment for lack of sufficient factual allegations and detail about how he committed the crimes. (ECF Nos. 19, 23.) Alternatively, Switzer seeks a bill of particulars that provides much greater factual detail than the indictment to support the charges against him. (ECF No. 20.) The government contends that "the indictment provides Switzer the elements of the offenses and all of the information that he needs to defend himself" and that "the discovery provided answers to all of the items Switzer seeks in his motion for a bill of particulars." (ECF No. 22, PageID.131.)

The Court will address each motion in turn.

## II.

"The indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Its main purpose "is to inform the defendant of the nature of the accusation against him." *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir.

4

2001) (internal quotation marks and citation omitted). This protection is established in the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI. A defendant may move to dismiss an indictment that "fail[s] to state an offense" and "lack[s] . . . specificity." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).

Here, count one of the indictment charges Switzer with production of child pornography as follows:

> At some point in 2019 and continuing through approximately September 2019, in the Eastern District of Michigan, and elsewhere, the defendant, JORDON SWITZER, attempted to and did knowingly employ, use, persuade, induce, entice, and coerce a minor, to wit: MV-1, to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; such visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 2251(a), (e).

(ECF No. 1.)

Count 2 charges online enticement of a minor as follows:

> At some point in 2019 and continuing through approximately September 2019, in the Eastern District of Michigan, and elsewhere, the defendant, JORDON SWITZER, did knowingly use

> a facility and means of interstate and foreign commerce (to wit: the Internet) to persuade, induce, entice and coerce a person who had not attained the age of 18 years, to wit: a MV-1, to engage in any sexual activity for which any person could be charged with a criminal offense, including but not limited to the production of child pornography, all in violation of Title 18, United States Code, Section 2422(b).

(*Id.*) Switzer says these are "vague allegations" that fail "to articulate with any specificity, the nature, scope and details of the alleged criminal activity" against which he must defend. (ECF No. 19, PageID.117–118.)

An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The indictment may "state[] the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). And "while the language of the statute may be used in the general description of the offense, . . . it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (internal quotation marks and citation omitted). "Courts utilize a common-sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *United States v. Maney*, 226

F.3d 660, 663 (6th Cir. 2000) (quoting *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989)). The Court does not, however, consider the evidence on which the indictment is based. *See Landham*, 251 F.3d at 1080.

Here, for the child pornography and enticement of a minor counts, the indictment identifies the statutes alleged to have been violated, sets forth the essential elements of the charged offenses tracking the relevant statutory language, identifies the victim and the location where the crime allegedly occurred, and provides the dates or time period of the alleged offenses. The indictment further alleges that Switzer used the internet to entice the victim to commit a crime and identifies that crime as the production of child pornography. (ECF No. 1, PageID.1–3.) Additional factual detail, while likely helpful, is not required. *See United States v. United Mem'l Hosp.*, No. 1:01CR238, 2002 WL 33001119, at *3 (W.D. Mich. July 23, 2002) ("[A]n indictment which describes the offense in terms of the words of the criminal statute, together with the approximate place and time of the offense, is generally sufficient."). The allegations adequately apprise Switzer of the alleged unlawful conduct so that he can prepare a defense and avoid surprise at trial. And, if proven, would permit convictions on the charged offenses. The indictment is therefore sufficient. *See United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992) (stating that "to be legally sufficient, the indictment must assert facts which in law constitute an offense;

7

and which, if proved, would establish prima facie the defendant's commission of that crime"); *see also United States v. Middleton*, 246 F.3d 825, 842 (6th Cir. 2001) ("The indictment enumerated each element of tax evasion and clearly provided [defendant] with notice of the statute under which he was being prosecuted. The Government had no obligation to set forth anything more than it did in the indictment."). As one court concluded in addressing a motion involving similar child pornography and enticement counts, "The indictment need only set forth the essential facts *constituting* the offense charged, and contain allegations sufficient to apprise the defendant with reasonable certainty of the nature of the accusation against him. The indictment need not contain a description of the sexually explicit conduct or include detailed facts supporting its allegations." *United States v. Totoro*, No. CR 15-291, 2017 WL 3189216, at *3 (E.D. Pa. July 27, 2017) (internal citations and quotation marks omitted).

The government also relies on *United States v. Vogelpohl*, in which the indictment charging the defendant with a similar count of production of child pornography stated: "Between in or about August 2018 and October 2018, in the Northern District of Iowa and elsewhere, the defendant . . . persuaded, induced, and enticed, and attempted to persuade, induce, and entice, a minor under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, causing and attempting to cause

8

said visual depictions to be produced using materials that had previously been shipped and transported in and affecting interstate and foreign commerce." No. 18-CR-3053, 2019 U.S. Dist. LEXIS 86645, at *2–3 (N.D. Iowa May 23, 2019). The court rejected the defendant's challenge that the indictment was insufficiently specific. The court explained, "The Supreme Court has stated that 'while an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity' . . . [but] sexual exploitation of a child is not such a crime." *Id*. at *5 (quoting *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007)). The court further found that by tracking the language of the child pornography statute, the indictment set forth the elements of the offense without ambiguity because the statute provided specific definitions of critical terms and no terms required more specific factual allegations in order to adequately inform the defendant of the charges against him. *Id. But cf. United States v. Hillie*, 227 F. Supp. 3d 57 (D.D.C. 2017) (where defendant was charged with seven nearly identical child pornography counts that differed only in time frames, court found an indictment that simply parroted the language of the statute without any specific factual allegations to distinguish the counts failed to adequately apprise defendant of the charges against him). As the government points out, Switzer's indictment contains more factual detail than the indictment that was

9

sufficient in *Volgelpohl*. (ECF No. 22, PageID.138.) It identifies the victim, her age, and her location.

Thus, the Court finds that the indictment adequately informs Switzer of the charges against him such that he may prepare his defense and avoid future prosecutions for the same offenses.

### III.

Alternatively, Switzer seeks a bill of particulars from the government specifying the facts of the alleged offenses. He seeks seven specific disclosures of information. (ECF No. 18, PageID.91–92; ECF No. 23, PageID.141.) Switzer's argument in this motion is largely the same as his argument that the indictment is fatally defective, i.e., it "simply includes generalized (nonspecific) allegations of criminal conduct" that do not enable him to adequately and effectively prepare a defense, avoid surprise at trial, and prevent subsequent prosecution for the same offenses. (ECF No. 18, PageID.95.)

As an initial matter, the Court addresses the government's claim that Switzer's motion comes too late. (ECF No. 22, PageID.133.) Under Federal Rule of Criminal Procedure 7(f), "The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Although Switzer filed his motion more than three months after his arraignment, he claims that the need for a bill of particulars only became clear after review of the discovery provided by the government and

10

that the coronavirus pandemic has frustrated communication between lawyer and client. (ECF No. 18, PageID.101–102.) While Switzer's motion does not explain why the discovery fails to provide the factual detail he is seeking, the Court understands the challenges posed in representing a detained defendant during the pandemic. Thus, the Court will consider the motion.

"The decision to order a bill of particulars is within the sound discretion of the trial court." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The purpose of a bill of particulars is "to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *Id*. It is not meant, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (quoting *Salisbury*, 983 F.2d at 1375). Also, a defendant is not entitled to a bill of particulars for information that is available through other sources. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991) (other aspects of holding modified by statute and subsequent precedent); *United States v. Ramadan*, No. 17-20595, 2020 U.S. Dist. LEXIS 92006, at *9 (E.D. Mich. May 27, 2020).

As already discussed, the allegations in counts one and two of the indictment are sufficient to apprise Switzer of the charges against him. He did not seek dismissal of count three, which adequately charges receipt of child

pornography. That count, like the others, identifies the statute defining child pornography, the date range of the conduct, the means of committing the crime (the internet), and the jurisdictional nexus. (ECF No. 1, PageID.3–4.)

But Switzer still contends the indictment lacks any specific or meaningful details as to the charged offenses. (ECF No. 18, PageID.96–97.) According to Switzer, "those lack of details include but are not limited to: the specific nature of the alleged enticement and production of child pornography, the context of any alleged conversations between Mr. Switzer and MV-1, the specific means which these alleged conversations occurred, specific dates and times messages were sent and [received], how Mr. Switzer has been identified without reasonable doubt to be the sender and/or receiver of these alleged messages, specific locations the messages were sent from, the specific means of enticement, who agreed to do what particular acts, and any information regarding any specific conduct or acts engaged in, or statements made by any person(s) in furtherance of the particular alleged criminal activity." (*Id*. at PageID.97.)

But Switzer ignores the other sources of information that provide him much of the information he seeks by way of a bill of particulars. For one, extensive discovery that has been produced in this case. The government advises that it has provided Switzer with almost 400 pages of discovery, including FBI reports, subpoena results, and search warrant returns. (ECF No.

12

22, PageID.133.) The parties have also engaged in two evidence reviews. (*Id.*) One involved an evaluation of Switzer's electronic devices that contained text and social media communications between Switzer and MV-1 regarding the production of child pornography, and the other enabled Switzer's counsel to watch the child forensic interview of MV-1. (*Id.* at PageID.134.) The government anticipates further evidence reviews. (*Id.*) Indeed, during the hearing, it was revealed that another will be conducted soon. This discovery, says the government, provides most of the information being sought by Switzer's bill of particulars. (*Id.* at PageID.135.) Also, additional factual detail in support of the charges is contained in the criminal complaint and supporting affidavit which preceded the indictment. Complaint, *United States v. Switzer*, Case No. 21-mj-30030 (E.D. Mich. Jan 15, 2021). This includes communications between MV-1 and a user of a computer connected to Switzer. (*Id.*) Similar factual detail in support of the charges was also provided during the detention hearings conducted at the beginning of the case. All of these disclosures have sufficiently provided notice to Switzer of the charges contained in the indictment. *See United States v. Norwood*, 12-CR-20287, 2014 U.S. Dist. LEXIS 2864, at *7–8 (citing *United States v. Martin*, 822 F.2d 1089, at *3 (unpublished table decision) (6th Cir. 1987)).

Resisting this conclusion, Switzer claims that "the voluminous discovery that may be available in this case" will still not enable him to prepare for trial

13

given that the counts in the indictment potentially cover a nine-month time frame and the government has imposed certain privacy restrictions that prevent Switzer from reviewing or maintaining hard copies of certain discovery. (ECF No. 23, PageID.144.)

Switzer's concerns do not warrant a bill of particulars. The government explained more fully during the hearing that, pursuant to 18 U.S.C. § 3509(m), it is precluded from turning over to the defense any materials that fall within the definition of child pornography. But this limitation does not preclude Switzer and/or his counsel from meeting with the government and reviewing all of this discovery. The parties have agreed to arrange that review as well. If the discovery discloses what occurred during the time frames charged in the indictment, it is unclear why a separate bill of particulars also describing what occurred during those time frames is warranted. *See Martin*, 822 F.2d 1089, at *3 ("If there has been full disclosure by the Government . . . the need for a bill of particulars is obviated."). Nor, as the government points out, is a nine-month timeframe unusually long in a child pornography case. *See, e.g.*, *United States v. Beasley*, 688 F.3d 523, 532–33 (8th Cir. 2012) (affirming denial of a motion for bill of particulars in a case involving a nearly four-year time frame covered by various production of child pornography counts where the court noted that "fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements" because of the inherent

14

difficulties in investigating and prosecuting child abuse) (citing *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005)).

In short, the allegations in the criminal complaint and indictment, the information disclosed during the detention proceedings, the discovery materials provided to the defense, and the additional discovery materials that will be made available for the defendant's review provide sufficient information of what occurred and when to minimize surprise and enable Switzer to prepare a defense and to preclude a second prosecution for the same crimes.

### IV.

Since the indictment sufficiently apprises Switzer of what he must be prepared to defend against and the pretrial disclosures he has received and will continue to receive provide most of the factual supplementation sought in the bill of particulars, the motions to dismiss the indictment and for a bill of particulars are DENIED.

IT IS SO ORDERED.

Dated: October 4, 2021

                                               s/Laurie J. Michelson
                                               LAURIE J. MICHELSON
                                               UNITED STATES DISTRICT JUDGE