UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Jordon Switzer,

    Defendant.

Case No. 21–cr–20104

Hon. Laurie J. Michelson

---

**Defendant's Motion to Compel Discovery**

Defendant moves this Honorable Court to order the early production of the Complainant's recorded forensic interview under a protective order.

Respectfully submitted,

/s/ *Elias J. Escobedo, Jr.*
Elias J. Escobedo, Jr. (P37808)
Elias J. Escobedo, Jr., PLLC
Attorney for Defendant
995 W Huron St
Waterford, MI 48328-3729
(248) 682–8400
elias@escobedolaw.com

Dated: January 25, 2023

## Certificate Regarding Concurrence

I certify, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys in which the movant explained the nature of this Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

/s/ *Elias J. Escobedo, Jr.*
ELIAS J. ESCOBEDO, JR. (P37808)
Attorney for Defendant

## Brief in Support of
## Defendant's Motion to Compel Discovery

### Facts

Defendant Jordon Switzer is charged in a three count Indictment with child pornography offenses: Count 1 - Production of Child Pornography in violation of 18 USC § 2251(a), (e); Count 2 - Online Enticement of a Minor in violation of 18 USC § 2422(b); and Count 3 - Receipt of Child Pornography in violation of 18 USC § 2252(A)(a)(2).  (Indict., ECF No. 1, PageID.1–3).

The Complainant, or Minor Victim (MV), was about 14 years old at the time of the offenses in 2019, when Switzer allegedly purchased child pornography photos from MV.  The government executed a search warrant at Switzer's apartment finding about 20 photos of MV, online conversations between Switzer and MV about 27,000 images of other girls. (Govt. Resp., ECF No. 22, PageID.128–129).

MV was recorded during a forensic interview conducted for the government's case-in-chief. She was 18 at the time of the interview. Defense counsel was allowed to view the video; however, the government refused to produce a copy for the defense to use in preparation for trial.

The defense needs a copy of that video to prepare for trial during times convenient for the defense, and the defense needs an expert opinion about the conduct and substance of the interview.

The defense proposes a stipulation to obtain a copy of the forensic interview under a protective order. In a similar child pornography case in the Eastern District of Michigan, the government stipulated to producing a copy of the recorded forensic interview of the minor victim in that case with this same defense counsel. *U.S. v. Tracy Lafond*, Case No. 15–cr–20788, Order, ECF No. 47, PageID.171–172). The defense proposes the same language from that protective order to be used in this case:

> It is ORDERED that the report and interviews synopses and the recorded interviews concerning the minor victim are PROTECTED, and defendant shall limit disclosure of this discovery to persons necessary for the preparation of the defense and avoid unnecessary dissemination.
>
> It is further ORDERED that defendant, through his counsel, is PROHIBITED from providing copies of the material described above and any other material that may be disclosed in the future in this matter to defendant or his family or friends, shall not provide any writing to the defendant which discloses the substance of that material, and shall not allow defendant to copy and keep this material. This order does not prohibit counsel from showing this material to the defendant and discussing it at meetings with the defendant, or from discussing this material in telephone conversations with the defendant in preparation for trial. [*Id.*]

## Argument

The Federal Rules of Criminal Procedure require the government to make pretrial disclosure of certain types of information, specifically, to make copies of data, photographs, and recordings "if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense, or (ii) the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E).

Rule 16 "is intended to prescribe the minimum amount of discovery to which the parties are entitled, and leaves intact a court's discretion to grant or deny the broader discovery requests of a criminal defendant." United States v Richards, 659 F3d 527, 543 (6th Cir. 2011) (citation and internal quotation marks omitted).

The Rules also provide that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

"[T]he Jencks Act contemplates not only the furnishing of the statement of a witness but a reasonable opportunity to examine it and prepare for its use in the trial." *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983).

Although the Jencks Act permits the government to wait for disclosure until after a witness testifies, the Sixth Circuit has encouraged the government to

provide the information earlier in appropriate cases in order to prevent delay at trial: "the better practice—and that followed in most federal courts today—is for the government to produce such material well in advance of trial." *United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992). "[A]s a general proposition, a district court judge would do well to err on the side of generosity in allowing defendant's counsel to review the sometimes critical record of a witness, grand jury testimony." *United States v. Blay*, 842 F.2d 333 (6th Cir. 1988). "[I]n cases where there are many statements or where the bulk of witness statements is large, the government will agree, **or it may even be ordered**, to deliver material at an earlier time so as to avoid lengthy delays before the beginning of cross-examination." *Holmes*, 722 F.2d at 40 (emphasis added). "[A] trial court could use its inherent powers to order disclosure of specific evidence when justice so requires." *United States v. Ham*, Case No. 3:08-cr-10; Memorandum and Order, ECF No 31, PageID.95; 2008 U.S. Dist. LEXIS 80099 (E.D. Tenn. Oct. 9, 2008) (citing *United States v. Presser*, 844 F.2d 1275, 1285 n. 12 (6th Cir. 1988)).

In *Ham*, the defendant was charged with possession of crack cocaine with intent to distribute, possession of pistols in the furtherance of a drug trafficking crime, and being a felon in possession of firearms and ammunition. (Order, ECF No. 31, PageID.93). The defendant was detained pending his trial. *Id.*

The *Ham* defendant moved for early production of Jencks material, arguing that "because the government's case turns upon eyewitness testimony, meaningful time to review the witnesses' pretrial statements prior to cross-examination is essential to his defense." *Id.* at 92. The district court granted the defendant's motion. *Id.* at 95.

The *Ham* district court noted that "[t]he government asserts no substantial reason, such as danger to its witnesses, or indeed any reason for declining to produce Jencks Act materials before trial but, instead, merely stands upon its rights under the statute." *Id.* at 93–94. The court went on to find that

> [i]n the present case, the Court is not seeking to "disregard the Jencks Act mandate," see *id.*, yet it finds the defendant's argument that the prompt administration of justice favors early disclosure of Jencks Act materials in this case to be compelling. This is especially true in the absence of any countervailing contention that the government's witnesses would be endangered or intimidated by the defendant, who is detained. [*Id.* at 95.]

There is good cause to order the early production of forensic interview of MV in this case, just as in *Ham*. The case has grown in complexity, involving 27,000 photos of girls found at Switzer's apartment, and the government only identifying 300 of the 27,000 as potential child pornography, because of difficulty assessing age.

It is anticipated that expert testimony about MV, her interview, and minor victims will be introduced at trial during the government's case-in-chief.

The government has not stated a valid reason or concern for withholding a copy of the forensic interview from the defense. Switzer has been in custody and is no threat to any witnesses. And the protective order suggested by the defense would cure any concerns the government has for withholding a copy of the interview.

Early production of discovery will provide Switzer with a fair trial, and avoid unnecessary expense and delay for the Court, parties, and the witnesses and jurors during trial.

WHEREFORE, Defendant moves this Honorable Court to order the early production of the Complainant's recorded forensic interview under a protective order.

Respectfully submitted,

/s/ *Elias J. Escobedo, Jr.*
ELIAS J. ESCOBEDO, JR. (P37808)
Elias J. Escobedo, Jr., PLLC
Attorney for Defendant
995 W Huron St
Waterford, MI 48328-3729
(248) 682–8400
fax: (248) 682–6212
elias@escobedolaw.com


Dated: January 25, 2023

## Certificate of Service

I certify that on January 25, 2023, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which served the document(s) to the parties of record.

/s/ *Elias J. Escobedo, Jr.*
ELIAS J. ESCOBEDO, JR. (P37808)
Attorney for Defendant