UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JORDON SWITZER,<br><br>　　Defendant. | Case No. 21-20104<br>Honorable Laurie J. Michelson |

**ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY [60]**

Jordon Switzer has been charged with child pornography offenses arising out of the alleged "sextortion" of a teenager who resides in the Eastern District of Michigan. Prior to this victim testifying at trial, Switzer wants a copy of her videotaped forensic interview. But there is no basis for compelling the production of this pre-trial discovery. Thus, Switzer's motion to compel is DENIED.

**I.**

The following facts have been disclosed in prior motions.

On September 27, 2019, the Wixom, Michigan Police Department contacted the FBI to report a complaint it received regarding the "sextortion" of a 15-year-old female. The minor reported that in November 2018, when she was 14 years old, she began selling nude photographs and videos of herself through social media applications under a false name. One of her customers, ultimately identified as Switzer, discovered her true identity and contacted her through Snapchat on September 19, 2019. In his Snapchat messages, Switzer threatened to release

photographs of the minor to her friends and family, or publicly on the internet, if she did not provide him with a sex video. The victim indicated she was a minor and that she did not want to have sex with anyone, but Switzer persisted.

Through a number of administrative subpoenas, the FBI was able to connect the Snapchat IP address to Switzer's residence in St. Louis, Missouri. A search warrant was executed at that residence on November 25, 2019, and electronic devices, including a computer, were seized. The government apparently recovered from Switzer's laptop computer evidence related to the minor victim, including approximately 20 pictures (some constituting child pornography) that Switzer ordered through her Kik account, screenshots of her social-media accounts, and screenshots of some of their conversations. Also recovered were "27,000 images of other girls . . . some of the images are child pornography, some are not." (ECF No. 43, PageID.227.)

Switzer was ultimately charged in a multi-count indictment with production of child pornography in violation of 18 U.S.C. § 2251(a), (e), online enticement of a minor in violation of 18 U.S.C. § 2422(b), and receipt of child pornography in violation of 18 U.S.C. § 2252(A)(a)(2). (ECF No. 1.)

During discovery, Switzer's prior defense counsel was shown a video of the victim's forensic interview. His current counsel has been given the same opportunity. (ECF No. 62, PageID.288.) Indeed, the government is willing to make the video available for defense counsel's review "as often as counsel needs to prepare for trial." (*Id.*) To protect the victim's privacy interests, however, "and consistent with its

practices in child exploitation cases, the government will not provide the defense with a copy of that video." (*Id.*) Switzer's counsel believes he is entitled to the video because "[i]t is anticipated that expert testimony about [the victim], her interview, and minor victims will be introduced at trial during the government's case in chief." (ECF No. 60, PageID.280.) So he has moved to compel "the early production of the . . . recorded forensic interview under a protective order." (ECF No. 60.) The government opposes the motion (ECF No. 62), and the Court heard oral argument on February 23, 2023. The Court also gave the parties the opportunity to provide supplemental briefing to address whether, by making the video available for defense counsel's review, the government has already satisfied its Jencks Act obligation. Only the government responded. (ECF No. 66.)

II.

"[I]n most criminal prosecutions, the *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988).

Switzer is not arguing that the forensic interview is exculpatory. He referenced Rule 16 in his brief and at oral argument but makes no argument as to why the video is discoverable under that Rule. That leaves the Jencks Act, which requires the government to produce any statements made by its witnesses that relate to "the subject matter as to which the witness has testified" and that the government has in its "possession." 18 U.S.C. § 3500(b). The Act requires the government to produce these statements only after the witness "has testified on direct examination." *Id*. And

3

the Court cannot compel the government to disclose Jencks Act materials at a time earlier than what the Act itself requires. "The clear and consistent rule of this circuit is that . . . the government may not be compelled to disclose Jencks Act material before trial." *Presser*, 844 F.2d at 1283; *see also United States v. Boykins*, 915 F.2d 1573 (Table), 1990 WL 143559, at *5 (6th Cir. Oct. 2, 1990) ("The Sixth Circuit has expressly held that the government has no obligation to disclose and the trial court has no discretion to require disclosure of Jencks Act material before a witness testifies.").[1]

This Court does, however, "urge[] the government to disclose *Jencks* Act . . . materials well in advance of the trial." (ECF No. 10, PageID.25.) And the parties are advised that "[i]n the event that some *Jencks* Act materials are not disclosed sufficiently in advance of a government witness' testimony, the Court will allow a reasonable amount of additional time during trial for the defense to prepare before proceeding." (*Id.*); *see also United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992) (recognizing that to "avoid the inevitable delay of the trial" when witness statements are withheld until after the witness testifies, "the better practice—and that followed in most federal courts today—is for the government to produce such material well in advance of trial so that defense counsel may have an adequate

---

[1] Switzer relies on another case within this Circuit, *United States v. Ham*, No. 08-CR-102008, U.S. Dist. LEXIS 80099 (E.D. Tenn. Oct. 9, 2008), that interpreted *Presser* as allowing the early disclosure of Jencks material under the facts of the case. (ECF No. 60, PageID.279–280.) The Court declines to follow this non-binding precedent here where the witness' statement has already been made available to the defense well in advance of trial.

4

opportunity to examine that which is not in dispute"); Fed. R. Crim. P. 26.2(d) ("The court may recess the proceedings to allow time for a party to examine the [witness] statement and prepare for its use.").

Here, in addition to making the videotaped interview available for Switzer's counsel to review at any time prior to trial at the FBI Oakland Office, the government advised in its supplemental filing that "transcripts of the interview will be provided to defense counsel as soon as they are prepared and, in any event, no later than two weeks in advance of trial." (ECF No. 66, PageID.300.) This all satisfies the government's disclosure obligations. *See United States v. Neuhard*, No. 15-20425, 2016 U.S. Dist. LEXIS 161469, at *10–11 (E.D. Mich. Nov. 22, 2016).

### III.

Thus, Switzer's motion to compel is DENIED.

SO ORDERED.

Dated: March 10, 2023

                                    s/Laurie J. Michelson
                                    LAURIE J. MICHELSON
                                    UNITED STATES DISTRICT JUDGE