UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

Crim. No. 21-cr-20104
Hon. Laurie J. Michelson

Jordon Switzer,

Defendant.

---

## United States' Motion to Admit Other Sexual Assault Evidence Pursuant to Federal Rules of Evidence 414 and 404(b)

---

1.    Defendant Jordon Switzer is charged with count one, production of child pornography (in violation of 18 U.S.C. §§ 2251(a)(e)); count two, online enticement (in violation of 18 U.S.C. § 2422(b)); and count three, receipt of child pornography (in violation of 18 U.S.C. § 2252A(a)(2)). ECF No. 1, PageID.1-5.

2.    Counts one and three are proscribed by Chapter 110 of Title 18 of the United States Code, and thus meet the definition of an "offense of child molestation" under Federal Rule of Evidence 414. Fed. R. Evid. 414(a), (d)(2); 18 U.S.C. Chapter 110.

1

3.      In addition to the conduct charged in the indictment concerning MV-1, Switzer's electronic devices contain similar evidence of his efforts to induce at least four additional minors (MV-2, -3, -4, and -5) to produce and send him images and videos of child pornography.

4.      These offenses are likewise proscribed by Chapter 110 of Title 18, and thus also meet the definition of child molestation under Rule 414.

5.      Rule 414 provides for the admission of evidence of the defendant's commission of another offense or offenses of child molestation when the defendant is accused of child molestation. Fed. R. Evid. 414(a). This evidence "may be considered for its bearing on any matter to which it is relevant." Id.

6.      Accordingly, the government moves for the admission of the uncharged conduct involving other minor victims in its case-in-chief at trial.

7.      The evidence is admissible under Rule 403 because its probative value is outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

8.      This evidence of other child molestation offenses, as well as Switzer's possession of child pornographic images other than the ones

depicting MV-1, -2, -3, -4, and -5, may also be admitted pursuant to Rule 404(b), because it demonstrates the defendant's identity, motive, and plan to seek out, and sexually exploit minor victims by soliciting and purchasing images and videos of child pornography. Fed. R. Evid. 404(b)(2).

9.     Pursuant to local court rule 7.1, prior to the filing of this motion, the government requested but did not obtain concurrence in the relief sought from defense counsel.

Accordingly, the government respectfully requests this Court to grant the United States' motion and admit evidence of these additional crimes in the government's case-in-chief.

Respectfully submitted,

DAWN N. ISON,
United States Attorney

*s/Eaton P. Brown*
EATON P. BROWN
DIANE N. PRINC
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9100
E-Mail: Eaton.Brown@usdoj.gov

Dated: March 15, 2023

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.                                              Crim. No. 21-cr-20104
                                                Hon. Laurie J. Michelson

Jordon Switzer,

          Defendant.

_____

United States' Brief in Support of its Motion to Admit Other Sexual
Assault Evidence Pursuant to Federal Rules of Evidence 414 and 404(b)
_____

# I
# INTRODUCTION

Usually a prosecutor cannot argue that a defendant is guilty of the charged crimes because he has committed similar acts in the past. *United States v. Hruby*, 19 F.4th 963 (6th Cir. 2021). But child molestation cases, like the ones Jordon Switzer committed, are different. Federal Rule of Evidence 414(a) allows a court to admit relevant evidence that a defendant previously molested a child to show that he is inclined to molest children. *Id.* Such is the case here.

Switzer is charged with sexually exploiting 14-year-old MV-1 by requesting and receiving child pornographic images and videos from her.

4

(ECF No. 1, PageID.1-5). These crimes are "child molestation" offenses. *See* Title 18, U.S.C. Chapter 110; Fed. R. Evid. 414(d)(2). Unfortunately, MV-1 was not Switzer's only victim. When the FBI executed a search warrant at Switzer's St. Louis area apartment, it recovered electronic devices that contained a carefully catalogued collection of child molestation offenses against additional victims—including MV-2, -3, -4, and -5—as well as his possession of hundreds of images of child pornography involving these victims as well as other children.

This evidence is admissible in the prosecution's case-in-chief under Rule 414, which permits the admission of evidence related to "another offense or offenses of child molestation" in a criminal case involving current charges for child molestation. *Id.* And even though Rule 414 governs the admissibility of the additional offenses against the minors, the Court may also allow this evidence—as well as evidence of Switzer's possession of an expansive collection of child pornography (outside of the material depicting these five minor victims)—under Rule 404(b), because it shows the defendant's identity, motive, and plan to seek out and sexually exploit teenage girls for his own prurient pleasure. Fed. R. Evid. 404(b)(2).

## II
## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Instant Offense (Crimes Against MV-1)

In November 2018, MV-1—a fourteen-year-old girl in Metro Detroit—began selling images and videos of herself online. MV-1 used the popular social media application KiK to advertise and communicate with customers. But she used a pseudonym and separate social media accounts in an attempt to keep this KiK business separate from the rest of her life.

In September 2019, Switzer found MV-1 and requested naked videos and images of her. Not satisfied with this form of sexual exploitation, Switzer worked to learn the true identity of MV-1 and contacted her directly over social media. He created social media accounts using MV-1's real name and images and threatened to show her family and friends the naked pictures unless she produced additional videos of herself for Switzer, including a video of her having sex with another person.

Through the conversations, Switzer made several accurate statements to prove to MV-1 that he was serious, including:

- Identifying the local school near where MV-1 lived;

- Identifying MV-1's stepfather's true name and month of birth;

- Knowing that MV-1's parents were divorced, and that she lived part time at both places;

- Knowing that MV-1 had online buyers of her images.

Switzer's threats included statements such as, "Listen I'm just giving you info here. If someone else gets your stuff and your info and your friends/familys (sic) info they wont ask multiple times or maybe even at all. They'll just send and harass for their own entertainment. They do it all the time"; "I'm just saying if you're annoyed now, you'll hate what happens in the future"; "I have a sort of dropbox with all of your stuff"; "sharing it [her images and videos] would be easier to a wide audience at once. Also sharing it to the internet makes it so other people do the work for me"; and "make one [a video]…I stop 'bothering' you … and none of your fears happen."

Eventually, MV-1 and her family notified the police. The FBI launched an investigation. They discovered that the threats derived from Switzer's residence near St. Louis. A search warrant at the apartment followed, leading to the recovery of several electronic devices. On Switzer's computer, the FBI found important evidence related to MV-1.

First, Switzer had approximately 20 pictures of MV-1, including child pornography that he ordered from her through her KiK account. Second, Switzer saved screenshots of MV-1's profile pages on social media. Specifically, Switzer saved MV-1's KiK profile where she used the pseudonym to sell images and videos of herself. Another screenshot was of the profile page of MV-1's true identity and true Facebook page. Third, Switzer's computer had screenshots of conversations between himself and MV-1.

In one conversation, where Switzer ordered specific types of child pornography from MV-1 through her KiK account, Switzer asked her, "can you prove age? If so I'm interested." When MV-1 responded with her school identification card (with her true name not visible), she wrote "yes, I have a school id (sic). it says 009 which was my grade last year." Apparently satisfied that she was underage, Switzer told her what type of child pornography to produce: "doggy style hands spreading cheeks." After she provided this image, Switzer responded, "can I get full body?" These screenshots were all saved to a file path that included both MV-1's pseudonym on KiK and her true name.

### B.    The Crimes Against MV-2, MV-3, MV-4, and MV-5

Sadly, MV-1 was not Switzer's only victim. The FBI found approximately 27,000 images of other girls (not all of which were child pornography), on Switzer's computer. Some of these images depict other victims through whom Switzer either produced or attempted to produce child pornography. In his chats with these additional victims he—as he did with MV-1—demanded proof of age. When the children confirmed their ages, Switzer would order specific types of pornography from these vulnerable girls.

In one September 2019 KiK conversation, Switzer, employing the same screen name he had used to contact MV-1 over KiK, reached out to MV-2—a 16-year-old girl from South Carolina. Switzer verified MV-2's age via her high school identification card, and then requested a variety of still and video pornographic images. As he did with MV-1, Switzer pressured MV-2 to send him the specific content he requested. MV-2 complied with his demands.

During the same month and year, Switzer used the same KiK screenname to verify the ages of, and purchase child pornography from,

three additional 17-year-old girls—one from Pennsylvania (MV-3), one from New Jersey (MV-4), and one from South Dakota (MV-5).

While the government is providing notice of its intent to admit this evidence over two months before trial (well in advance of the 15 days required under Rule 414(b)), none of this evidence should come as a surprise to Switzer. Fed. R. Evid. 414(b). Since the time of the indictment, the government has provided Switzer more than 400 pages of discovery, including law enforcement reports, subpoena returns, search warrant returns, several databases of PayPal data, and the defendant's criminal history. (ECF No. 36, PageID.205-06). The government and counsel for defendant along with Switzer, have also engaged in at least three evidence reviews, including a full review of Switzer's electronic devices which contained evidence of his crimes against all five minor victims as well as an extensive collection of other child pornography. Most recently, on November 22, 2022, defense counsel reviewed the accounts on Switzer's cellphone, which included multiple platforms Switzer used to purchase the images of child pornography he was procuring from MV-2, -3, -4, and -5.

# III
# RULE 414

Federal Rule of Evidence 104(a) allows for pretrial hearings to determine the admissibility of evidence before trial. *See* Fed. R. Evid. 104(a). Here, given the importance of the additional evidence, the government requests that the Court make a pretrial determination of the admissibility of Switzer's other sexual exploitation offenses.

Federal Rule of Evidence 414 provides that "[i]n a criminal case in which a defendant is accused of an offense of child molestation, [the court may admit] evidence of the defendant's commission of another offense or offenses of child molestation." Fed. R. Evid. 414(a). The evidence "is admissible, and may be considered on any matter to which it is relevant." *Id*. Congress enacted these rules because these types of cases often raise questions regarding the victim's credibility and a defendant's other conduct can be especially probative. *See United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998). Additionally, the rule is based on the premise that "evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes." *Id*.

Rules 413 and 414, enacted in 1995, were designed to "protect the public from crimes of sexual violence" by permitting "in sexual assault

and child molestation cases . . . evidence that the defendant has committed offenses of the same type on other occasions." 140 Cong. Rec. H8968, H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari). As such, they create an exception to the general ban on propensity evidence contained in Rule 404(b). *See id.* ("The new rules will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b) . . . [and] authorize admission and consideration of evidence of an uncharged offense for its bearing on any matter to which it is relevant.") (quotation marks omitted). As the Sixth Circuit explained, Congress recognized that "sexual misconduct is different than other crimes." *United States v. Stout,* 509 F.3d 796, 801 (6th Cir. 2007). This difference is either that "propensity evidence has special value in certain violent sexual misconduct cases or that the difficulty of and need for convictions for these crimes warrants a decrease in the usual protections against propensity and character evidence." *Id.* at 801-02.

## A. Switzer is Currently Accused of Child Molestation (MV-1)

For purposes of Rule 414, Congress defined "child molestation" broadly, to include:

(1)     Any conduct prohibited by 18 U.S.C. Chapter 109A, that was committed in relation to a child;

(2)     Any conduct proscribed by 18 U.S.C. Chapter 110;

(3)     Contact between any part of the defendant's body . . .and the genitals or anus of a child;

(4)     Contact between the genitals of anus of the defendant any part of the body of a child;

(5)     Deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or

(6)     An attempt or conspiracy to engage in conduct described in subparagraphs (1)-(5).

Fed. R. Evid. 414(d).

As a threshold matter, counts one and three of the indictment—*i.e.,* production of child pornography (in violation of 18 U.S.C. § 2251(a)(e)), and receipt of child pornography (in violation of 18 U.S.C. § 2252A(a)(2))—are crimes proscribed by 18 U.S.C. Chapter 110, and are thus considered "child molestation" under Rule 414(d)(2). ECF No. 1, PageID.1-5.

## B.     Switzer's Other Crimes Are Also Child Molestation Offenses and Admissible Under Rule 414.

The crimes Switzer committed against MV-2, MV-3, MV-4, and MV-5, likewise meet Rule 414's definition of "child molestation." Fed. R. Evid.

13

414(d)(2); Title 18, Chapter 110. In each case, Switzer located minor victims on the internet and directed them to produce and send him child pornography, or to send him images and videos they had previously produced. These additional offenses of receipt, production, and attempted production of child pornography are similarly found in 18 U.S.C. Chapter 110, and consequently meet the definition of child molestation under Rule 414(d)(2).

Therefore, because the crime charged involves child molestation, and the additional offenses against MV-2, -3, -4, and -5 qualify as child molestation crimes, "the court may admit [this] evidence [to] be considered on any matter to which it is relevant." Fed. R. Evid. 414(a).

## C.    The Evidence is Relevant

Evidence of these other crimes is relevant. Rule 414(a) evidence, like other similar-acts evidence, "is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988); *see United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005). A separate rule, Rule 104(b), governs this conditional-relevance inquiry. It states that "[w]hen the relevance of evidence depends on whether a fact exists, proof

14

must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). But when examining conditional relevance, the Court need not decide if the defendant committed the similar act or even if the similar act occurred. *See Huddleston*, 485 U.S. at 690. Rather, the court only "examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence." *Id.* Here, the fact that the evidence involving MV-1 and the other victims was all located on Switzer's electronic devices, that Switzer used the same KiK screen name to communicate with each victim, and that Switzer sought the visual depictions of each girl in sexually exploitive poses, all supplies more than sufficient evidence for the jury to find by a preponderance that the defendant committed these additional child molestation crimes. *Id.*

Moreover, evidence from these additional four victims of Switzer's sexual exploitation is relevant—and therefore admissible—simply because it tends to make the charge that Switzer produced and received child pornography more probable. *See United States v. Deuman*, 568 Fed.Appx. 414, 420 (6th Cir.2014) ("The standard for relevancy is

extremely liberal: evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence.").

And this is precisely the congressional intent behind the passage of Rules 413 and 414. Congress highlighted the difficulty of prosecuting sexual assault cases, especially those involving children. "Without probative evidence of prior sexual assaults, credibility determinations . . . would otherwise become unresolved swearing matches." *United States v. Strong*, 826 F.3d 1109, 1113 (8th Cir. 2016) (quoting *United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998); 140 Cong. Rec. H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)) (internal quotation marks omitted). This is a particular concern in cases involving sexual assaults of minors, which "often raise unique questions regarding the credibility of the victims" and "render a defendant's prior conduct especially probative." *United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005).

Here, the additional production and receipt offenses are credible and relevant and should be admitted in the government's case-in-chief against Switzer under Rule 414.

# IV
## RULE 403

Rule 414 evidence is still subject to the Rule 403 balancing test. *United States v. Seymour*, 468 F.3d 378, 385-86 (6th Cir.2006) (citing *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir.2001)). Rule 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. However, Congress's "underlying legislative judgment" is that Rule 414 evidence "is normally not outweighed by any risk of prejudice or other adverse effects." *United States v. Mound*, 149 F.3d 799, 802 (8th Cir. 1998) (quoting 140 Cong. Rec. H8992); *see also Johnson v. Elk Lake Sch. Dist.,* 283 F.3d 138, 144 (3d Cir. 2002) (holding that "where the past act is demonstrated with specificity and is substantially similar to the act(s) for which the defendant is being sued, it is Congress's intent that the probative value of the similar act be presumed to outweigh Rule 403's concerns").

Here, the charged offenses and Switzer's other online offenses are not just "substantially similar" (*Id.*), they are nearly identical: Switzer met all five victims on the messaging application KiK while using the same moniker; the victims were all teenage girls in high school; Switzer

demanded proof of their minor age before seeking images of them; Switzer requested the production of customized child pornography still and video images from his victims and, if they refused, he requested their previously-made pornography; Switzer then purchased these images for cash or in exchange for gift cards. Moreover, Switzer contacted each of the five victims in the summer and September of 2019. In sum, the nearly identical nature of each offense, coupled with the proximity of the crimes makes the evidence of other child molestation offenses relevant and admissible at trial.

Finally, at trial, this Court will instruct the jury that Switzer is only on trial for the crimes charged in the indictment. Such an instruction will minimize any potential prejudice. "A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

## V
## RULE 404(b)

Even though the evidence of Switzer's crimes against the additional four minor victims is admissible under Rule 414, the Court can also admit this evidence under Rule 404(b). The Court may likewise admit evidence of the defendant's possession of additional uncharged child pornographic material on his computer, which includes hundreds of images of children,

including prepubescent children, being sexually exploited. This evidence is admissible to establish the defendant's identity, motive, and plan to obtain sexually explicit images of minors. Fed. R. Evid. 404(b).

Courts have applied a three-part test to determine whether evidence is admissible under Rule 404(b): (1) the court must decide whether there is sufficient evidence that the other act in question actually occurred; (2) if so, the court must decide whether the evidence of the other act is probative of a material issue other than character; and (3) if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

First, the evidence of the defendant's conversations with the additional minor victims over KiK, as well as the presence of their images and videos on his electronic devices provides sufficient evidence that the prior acts occurred. This evidence is corroborated by law enforcement interviews of the five minors. Likewise, the evidence of other child pornography images and videos on Switzer's computer substantiates his possession of and interest in child pornography.

19

Second, this evidence is probative of the defendant's identity, his motive for obtaining a collection of child pornography, and his mode of soliciting and obtaining these images. In 2019, as Switzer was purchasing images and videos of child pornography from MV-1, he was simultaneously exploiting four other minors (MV2-MV-5) in the same manner: (1) employing a specific screenname, (2) contacting high school girls between the ages of 14 and 17, (3) verifying each victim's age via student identification or other means of identification, and (4) requesting each girl produce naked videos (typically depicting the minor stripping out of a cheerleading or other sports uniform) for him to purchase. Each of these distinct steps mirrors the plan Switzer employed when soliciting child pornography from MV-1. Accordingly, the admission of this evidence is probative of the defendant's identity, motive to produce and collect child pornography, and his method for obtaining these images. The evidence also rebuts any defense that it was not Switzer who solicited the minors. Likewise, Switzer's expansive collection of pornography depicting teenage minors demonstrates his motive to produce, receive, and maintain a collection of images depicting the sexual exploitation of children.

Finally, the probative value of this evidence far outweighs the danger of any unfair prejudice posed by its admission. While this other act evidence is prejudicial, it is not unfairly so. *See, e.g., United States v. LaVictor*, 848 F.3d 428, 448 (6th Cir. 2017); *United States v. Underwood*, 859 F.3d 386, 393–94 (6th Cir. 2017) (Rule 414 evidence). And this evidence of Switzer's elaborate scheme of exploitation coupled with his possession of other images of child pornography, is highly probative of his intent and motive. The evidence will also corroborate the testimony of MV-1—whose credibility will naturally be at issue during trial. Furthermore, as with the evidence admitted under Rule 414, a limiting instruction can be given informing the jury on the proper use of the evidence, which would ameliorate the risk of unfair prejudice. *LaVictor*, 848 F.3d at 447.

## VI
## CONCLUSION

For these reasons, the government respectfully requests that the Court admit evidence of Switzer's crimes against the additional four minor victims, as well as his possession of child pornography, at trial.

Respectfully submitted,

DAWN N. ISON,

United States Attorney

*s/Eaton P. Brown*
EATON P. BROWN
DIANE N. PRINC
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9184
E-Mail: Eaton.Brown@usdoj.gov

Dated: March 15, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of such filing to all counsel of record via electronic mail.

*s/Eaton P. Brown*
EATON P. BROWN
Assistant United States Attorneys
