UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,                      Crim. No. 21-20104

v.                                     Hon. Laurie J. Michelson

Jordon Switzer,

      Defendant.

_____

### Government's Response to Defendant's Motion to Compel Discovery [ECF No. 70]

_____

Defendant Jordan Switzer moves the Court to require the government to produce a forensic copy of Minor Victim One's (MV-1) cell phone. The government has far exceeded its discovery obligations in this case—on multiple occasions providing the defendant access to the relevant portions of MV-1's phone. But that is not enough for Switzer. Now, he wants to "search and examine" the entirety of MV-1's cell phone. (ECF No. 70, PageID.337). But his request is nothing more than a fishing

expedition with no basis in the law or rules of evidence. His motion should be denied.

## Factual Background and Procedural History

The Court set forth the facts of this case in its prior order on Switzer's motions. (ECF No. 36, PageID.194). As a brief recap, investigation into Switzer began in September 2019, when the Wixom, Michigan Police Department contacted the FBI to report a complaint that a 15-year-old girl (MV-1) was being "sextorted." MV-1 reported that in November 2018, when she was 14 years old, she began selling nude photographs and videos of herself through social media applications under a false name. One of MV-1's customers—later identified as Switzer—discovered her true identity and contacted her through her social media accounts. In these messages, Switzer threatened to release MV-1's nude photographs and videos to her friends and family, or to the internet, if she did not provide him with a customer list and/or a sex video. MV-1 responded that she was a minor and did not want to have sex with anyone, but Switzer persisted (ECF No. 36, PageID.195). He has since been charged with three crimes—production and receipt of child pornography, as well as online enticement. (ECF No. 1, PageID.1-5).

The government has provided Switzer extensive discovery in this case, and hosted multiple evidence reviews for the defendant. (ECF No. 36, PageID.205–06). Specifically, on November 22, 2022, defense counsel reviewed evidence from MV-1's cellphone. In addition, defense counsel was shown images of MV-1 on Switzer's devices, including her nude images, social media accounts, and text communications with Switzer on various social media accounts. Despite these repeated and extensive efforts to provide the defense with access to digital evidence in this case, the defendant now asks the Court to order the government to "produce the [victim's] cell phone for the defendant's forensic expert analysis." ECF No. 70, PageID.337.

## Argument

The applicable standards are well settled. "In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively restricted." *United States v. Mills*, No. 16-20460, 2019 WL 4051726, at *2 (E.D. Mich. Aug. 28, 2019) (Goldsmith, J.). Specifically, three governing rules apply that "exhaust the universe of discovery to which [a] defendant is entitled." *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting *United States v. Presser*,

844 F.2d 1275, 1285 n.12 (6th Cir. 1988)).

The first is the *Brady* doctrine, which requires the Government to disclose evidence that is favorable to the accused and material to guilt or sentencing. *See, e.g.*, *Presser*, 844 F.2d at 1281–82.

The second is Federal Rule of Criminal Procedure 16(a), which requires the government to disclose, upon a defendant's request…

- …[a]ny documents or tangible evidence within the government's possession, custody or control that are *material to the defense*, that are to be used in the government's case-in-chief, or that are obtained from or belong to the defendant…(emphasis added)

*See* Fed. R. Crim. P. 16; *Watson*, 787 F. Supp. 2d at 672 (citations omitted); *Presser*, 844 F.2d at 1285 ("[D]iscovery afforded by Rule 16 is limited to the evidence referred to in its express provisions.").

The third is the *Jencks* Act, which "requires the government to produce any prior statements of a witness that relate to the subject matter of the witness's testimony and are in the government's possession *after* the direct examination of the witness." *See United States v. Ledesma*, No. 19-20216, 2020 WL 7075289, at *1 (E.D. Mich. Dec. 3, 2020) (Roberts, J.) (emphasis in original) (citing 18 U.S.C. § 3500(a)-(b); Fed. R. Crim. P. 26.2(a).

Thus far, the government has satisfied each and every one of its discovery obligations. Despite defendant's claims to the contrary, i.e., that the "government [has] refused [Switzer] access" to MV-1's cell phone, the government has and will continue to make the relevant portions of MV-1's cell phone available for his review. But Switzer wants more. He wants to look at the entirety of MV-1's phone to "show that MV had a sophisticated knowledge of the internet and social medial applications, that she initiated contact with Switzer and other customers, and that she posted images and videos of herself without prompting or enticement from Switzer." (ECF No. 70, PageID.337). Switzer simply has no basis in the law for his request to view and obtain any of MV-1's communications with other individuals. *See* 18 U.S.C. § 3500(a)-(b); Fed. R. Crim. P. 26.2(a); *Presser*, 844 F.2d at 1283.

It is the defendant's burden to establish a rule of criminal procedure, or a case law, that would support the government's disclosure of MV-1's communications with other individuals, including images and videos she may have sold to people other than Switzer. This he has not done, nor can he. *See* ECF No. 70, PageID.333-38. Whether MV-1 communicated with other individuals or sent sexually graphic material

to others is simply not relevant. Any evidence of her "other acts," to the extent it even exists, falls under Federal Rule of Evidence 412, an issue the government explored extensively in a recent motion. *See* ECF No. 72, Gov't Mot. to Exclude Evid.

Rule 412 states that in cases involving allegations of sexual misconduct "evidence offered to prove that any alleged victim engaged in other sexual behavior" and "evidence offered to prove any alleged victim's predisposition" are inadmissible. Fed. R. Evid. 412(a). "Sexual behavior" includes "all activities that involve actual physical conduct, i.e., sexual intercourse and sexual contact" or that imply sexual intercourse or sexual contact, "such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease." Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). "Sexual behavior" also includes "verbal conduct." *United States v. Ogden*, 685 F.3d 600, 605 (6th Cir. 2012) (finding that records of the victim's online conversations in chatrooms with other men were properly excluded under 412(a)(1)). The reference to "sexual predisposition" is "designed to exclude evidence that the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." *Id*. In

sum, under Rule 412, none of the evidence Switzer seeks to obtain is admissible. *See* ECF No. 72, PageID.349-50. And since this evidence is not admissible, it is also not discoverable.

Additionally, there exists no evidence in her phone, outside of what Switzer has already viewed, that is favorable to the defendant under *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant's attempt to cloak his request as potentially exculpatory or impeaching evidence should be rejected. "The Supreme Court has made clear that the *Brady* rule is not an evidentiary rule which grants broad discovery powers to a defendant." *United States v. Todd*, 920 F.2d 399, 405 (6th Cir. 1990). In other words, the *Brady* rule does not give a defendant unfettered access to the government's evidence and witnesses, in the hopes that something exculpatory will turn up. *See United States v. Corrado*, 227 F.3d 528, 538-39 (6th Cir. 2000). And here, the Court should be particularly concerned that this defendant, who once threatened MV-1 if she did not release her "customer list," now seeks to obtain access to her sexually explicit communications with other individuals (i.e., "customers").

Lastly, even beyond the fact that such production is not required by applicable law, important considerations of the victim's privacy preclude

the disclosure of this evidence. *See* 18 U.S.C. § 3509. The 2004 Crime Victim Rights Act (CVRA) established that victims have a right to privacy in all proceedings that relate to their victimization. 18 U.S.C. § 3771(a)(8). Including "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." Several courts have held that the rights under CVRA are meaningful and enforceable. *United States v. Patkar*, Cr. No. 06-00250, 2008 U.S. Dist. LEXIS 6055, 2008 WL 233062, at *6 (D. Hawaii 2008) (holding that the CVRA "was intended to provide meaningful rights, and not a simple laundry list of aspirational goals as to how the government and courts should treat victims"); *see also United States v. Turner*, 367 F.Supp.2d 319, 335 (E.D.N.Y. 2005) (stating that the import of 18 U.S.C. § 3771(a)(8) is "to promote a liberal reading of the statute in favor of interpretations that promote victims' interest in fairness, respect, and dignity.").

As set forth in the government's response to Switzer's second motion for bond (ECF No. 31, PageID.180–81), Switzer's actions in this case have already left a devastating impact on MV-1's life and privacy. Producing a copy of her entire cell phone for the defendant to peruse and view intimate details of her life—even pursuant to a protective order—

would only serve to violate her privacy interests further.

## Conclusion

For the reasons listed above, Switzer's motion to compel should be denied.

                          Respectfully submitted,

                          DAWN N. ISON
                          United States Attorney

                          *s/Eaton P. Brown*
                          EATON P. BROWN
                          DIANE N. PRINC
                          Assistant United States Attorneys
                          211 W. Fort Street, Suite 2001
                          Detroit, MI  48226
                          (313) 226-9184
                          Eaton.Brown@usdoj.gov

Date: March 23, 2023

## Certificate of Service

I hereby certify that on March 23, 2023, I electronically filed this response for the United States with the Clerk of the Court of the Eastern District of Michigan using the ECF system, which will send notification of such filing to all counsel of record via electronic mail.

*s/Eaton P. Brown*
EATON P. BROWN
Assistant United States Attorney
