United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                    Plaintiff,

                                                    Case No. 21-20104

v.

                                                    Hon. Laurie J. Michelson

Jordon Switzer,

                    Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Jordon Switzer, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.     Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Production of Child Pornography under 18 U.S.C. §§ 2251(a), (e).

## 2.     Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

Page 1 of **23**

| Count 1 | Term of imprisonment: | A minimum of 15 years and up to 30 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least 5 years and up to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 180 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

## 3.  Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts 2 and 3 of the Indictment.  Count 2 charges the defendant with Online Enticement of a Minor under 18 U.S.C. § 2422(b) and carries a mandatory minimum of 120 months' imprisonment.  Count 3 charges the defendant with Receipt of Child Pornography under 18 U.S.C. §

2252A(a)(2) and carries a mandatory minimum of 60 months' imprisonment.

**4.   Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, both the United States Attorney's Office for the Eastern District of Michigan and the United States Attorney's Office for the Eastern District of Missouri will not bring additional charges against the defendant for production, receipt, and possession of child pornography based on the evidence recovered from the defendant's electronic devices in November 2019.

**5.   Elements of Count of Conviction**

The elements of Count 1 are:

1. That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;

2. That the defendant knew or had reason to know that the visual depiction would have been produced or transmitted using materials that had been mailed, shipped, or transported in or

affecting interstate or foreign commerce by any means, including by computer.

## 6.    Stipulated Offenses

The parties stipulate under USSG § 1B1.2(c) that the defendant has committed the following additional offenses and that his sentencing guidelines should be calculated as if he had been convicted of additional counts charging those offenses:

- Production of Child Pornography under 18 U.S.C. § 2251(a), (e) for Minor Victim 2 (MV-2)

- Receipt of Child Pornography under 18 U.S.C. § 2252A(a)(2) for Minor Victim 3 (MV-3)

- Attempted Production of Child Pornography under 18 U.S.C. § 2251(a), (e) for Minor Victim 4 (MV-4)

- Production of Child Pornography under 18 U.S.C. § 2251(a), (e) for Minor Victim 5 (MV-5)

## 7.    Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in early 2019 and continuing through approximately September 2019, in the Eastern District of Michigan, and elsewhere, the defendant used a minor, Minor Victim One (MV-1), to create a depiction of sexually explicit conduct.  Specifically, the defendant used an electronic device to communicate with MV-1 and solicit her to produce an image of her exposed vagina and anus, which MV-1 then sent to the defendant over the internet.  MV-1 was born in 2004 and would have been either 14 or 15 years old at the time.  MV-1 was a resident of the Eastern District of Michigan, and the defendant was living in a suburb near St. Louis, Missouri at the time he communicated with MV-1; thus, their communications and the sexually explicit image MV-1 produced for the defendant traveled in and affected interstate commerce.

## 8.   Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.     The right to a speedy and public trial by jury;

C.     The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 9.     Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 10.   Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

## B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a).  Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will

be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- Pursuant to USSG § 2G2.1(a), the base offense level for Count 1 is 32

- Pursuant to USSG 2G2.1(d)(1), the offense involved the exploitation of more than one minor victim, specifically MV-1, MV-2, MV-3, MV-4, and MV-5

The parties also recommend that the following enhancement apply when determining the appropriate guideline range:

- Pursuant to USSG 4B1.5(b), the defendant engaged in a pattern of activity involving prohibited conduct

The parties have no other recommendations as to the defendant's guideline calculation.

### D.   Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

At the time of defendant's relevant conduct, MV-1 was 14 or 15 years old, and MV-2, MV-3, MV-4, and MV-5 were all under 18 years old.  The defendant solicited MV-2 to produce sexually explicit images of herself, including her genitals, which she sent to the defendant over the internet.  The defendant received sexually explicit images of MV-3 over the internet. The defendant attempted to solicit MV-4 to produce such an image and took an overt act that was a substantial step toward that production, specifically, soliciting MV-4 to send him a video of her removing her clothing and displaying her genitals.  The defendant solicited MV-5 to produce sexually explicit images of herself, including her genitals, which she sent to the defendant over the internet.    The defendant solicited minors, including MV-1, MV-2, and MV-5, to create sexually explicit images of themselves on at least two separate occasions.

In addition, the government contends that the defendant engaged in distribution of child pornography as part of his relevant conduct and used a computer to communicate with the minor victims.  The defendant disputes this.

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 10.B, 10.C, or 10.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 10.B, 10.C, or 10.D. The government

likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 11.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

#### 2.    No Right to Withdraw

The government's recommendation in paragraph 11.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the

Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

The defendant understands that the Court must order a term of supervised release of at least five years and up to life.  There is no agreement as to the length of supervised release.

#### 2.   Revocation Separate From Initial Imprisonment

The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in Paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.     Restitution

The Court must order restitution for the defendant's offense

conduct to MV-1. The defendant further agrees to pay restitution to

MV-2, MV-3, MV-4, and MV-5 in an amount to be determined by the

Court at the time of sentencing. The amount of restitution shall be

determined as if defendant had been convicted of each of the stipulated

offenses identified in Paragraph 6.

The defendant agrees that restitution is due and payable

immediately after the judgment is entered and is subject to immediate

enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

3613. If the Court imposes a schedule of payments, the defendant

agrees that the schedule of payments is a schedule of the minimum

payment due, and that the payment schedule does not prohibit or limit

the methods by which the United States may immediately enforce the

judgment in full.

The defendant agrees to make a full presentence disclosure of his

financial status to the United States Attorney's Office by completing a

Financial Disclosure Form and the accompanying releases for the

purpose of determining his ability to pay restitution. The defendant

agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.    Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. § 2253(a)(3), the defendant agrees to forfeit his interest in the following:

1.    Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of the defendant's violation of Title 18, United States Code, Section 2252A(a)(2); and

3.    Any property, real or personal, involved in the commission of the defendant's violation of Title 18, United States Code, Section 2252A(a)(2).

The defendant agrees that a sufficient nexus exits between defendant's offense of conviction and the Subject Property and that the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 2253.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the Subject Property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2.  The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture

in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the property referenced above. The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Double Jeopardy Clause and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, the defendant will be required to pay a special assessment of $5,000, due immediately upon sentencing. However, if the Court finds that the defendant is indigent, he will not be ordered to pay this amount.  In addition, pursuant to 18 U.S.C. § 2259A, the Court may order an additional special assessment of up to $50,000 for any person convicted of sexual exploitation of children.

12.   **SORNA**

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

**13.   Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the statutory maximum, the defendant also waives any right he may have to appeal his sentence on any grounds.

**14.   Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

15.     **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

   If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

16.     **Use of Withdrawn Guilty Plea**

   The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 17.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the United States Attorney's Office or the Eastern District of Missouri.

## 18.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 19.   Acceptance of Agreement by Defendant

The government may withdraw from this agreement at any time

before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Brandy R. McMillion
Chief, General Crimes Unit
Assistant United States Attorney

_____
Diane N. Princ
Eaton P. Brown
Assistant United States Attorneys

Dated: 3/17/2023

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Elias Escobedo
Attorney for Defendant

Jordon Switzer
Defendant

Dated: 04/17/2023

Page **23** of **23**